1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MANPOWER INC.,

11          Plaintiff,              No. 2:12-cv-01069 JAM KJN

12       v.

13   SLINGSHOT CONNECTIONS LLC;
     JANIS SONNEMAN; AND THEREZA
14   CHATTMON,

15          Defendants.            ORDER
     _____/
16

17          Presently before the court[1] is plaintiff's ex parte application seeking leave of court

18   to conduct expedited discovery on defendants pursuant to Federal Rule of Civil Procedure

19   26(d)(1).[2]  The parties have not yet conducted a conference pursuant to Federal Rule of Civil

20   Procedure 26(f), and no scheduling conference is presently scheduled in this case because the

21   parties' filing of a joint status report within 60 days of service of the complaint on any party will

22   trigger either the issuance of a scheduling order or the setting of a scheduling conference.  (See

23

24          [1]  This matter proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).
25
26          [2]  Plaintiff also noticed a July 11, 2012 hearing on plaintiff's motion for a preliminary
     injunction, to be heard by United States District Judge John A. Mendez (Dkt. No. 7).

1  Order Requiring Joint Status Report ¶¶ 4-5, Dkt. No. 5.)

2          This matter was heard by the undersigned at a specially set hearing on May 21,

3  2012.  Attorney Joel H. Spitz appeared on behalf of plaintiff.  Attorney Stephen D. Pahl appeared

4  on behalf of defendants.  The undersigned has fully considered the parties' briefs and oral

5  arguments and, for the reasons stated on the record at the lengthy hearing, concludes that "good

6  cause" supports permitting plaintiff to conduct limited, expedited discovery pursuant to Federal

7  Rule of Civil Procedure 26(d)(1).[3]  As stated at the hearing, IT IS HEREBY ORDERED that:

8          1.      Plaintiff's ex parte application seeking leave of court to conduct expedited

9  discovery (Dkt. No. 6) is granted in part and denied in part, as stated below.

10         2.      On or before June 1, 2012, defendant Janis Sonneman shall execute, serve

11 on plaintiff, and file with the court a declaration signed under penalty of perjury that addresses

12 her alleged connection of two external thumb drives to her Manpower Inc.-issued laptop

13 computer, a "Lenovo WorkCentre 6072 laptop computer, serial number LKNNCRA," on

14 December 14, 2011.[4]  Sonneman's declaration shall address the following: (a) whether

15 Sonneman actually connected one or both of the external thumb drives to the subject laptop

16 computer on December 14, 2011; (b) whether Sonneman transferred any files from the subject

17 laptop computer to one or both of the external thumb drives; and if so, (c) whether Sonneman

18

19         [3]  Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek discovery from
   any source before the parties have conferred as required by Rule 26(f), except in a proceeding
20 exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by
   stipulation, or by court order."  District courts within the Ninth Circuit have permitted expedited
21 discovery prior to the Rule 26(f) conference upon a showing of "good cause."  See, e.g., In re
   Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing
22 Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)); accord Am. LegalNet,
   Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).  "Good cause exists where the need for
23 expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the
   responding party."  In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1179 (citation
24 and internal quotation marks omitted).

25         [4]  Plaintiff's allegations regarding Sonneman's use of the thumb drives on December 14,
   2011, is contained in the second declaration of Erik Thompson.  (See Second Thompson Decl. ¶¶ 4-
26 12 & Ex. A, Dkt. No. 18, Doc. No. 18-1.)

possesses any files that are the property of Manpower Inc. as a result of a transfer from the subject laptop computer to one or both of the external thumb drives on December 14, 2011.  If Sonneman possesses any files that are the property of Manpower Inc. as a result of a transfer from the subject laptop computer to one or both of the external thumb drives on December 14, 2011, she shall deliver such files to plaintiff on or before June 1, 2012.

        3.    Plaintiff may take the limited, expedited deposition of defendant Thereza Chattmon in furtherance of its motion for a preliminary injunction.  Such deposition shall be limited to seven hours in duration, including reasonable breaks, and shall be limited to topics along the lines of the following:

- What material that is the property of Manpower Inc. (e.g., computer files or electronically stored documents) did Chattmon copy, take, or transfer from Manpower Inc.?

- From which computer or other electronic device did Chattmon copy, take, or transfer such material (e.g., Chattmon's Manpower Inc.-issued laptop, a "Lenovo ThinkPad T410 laptop computer, serial number R8-5K4V1")?[5]

- What means or device did Chattmon use to copy, take, or transfer the material (e.g., external hard drive, e-mail, etc.)?[6]

- What did Chattmon do with the material that she copied, took, or transferred?

- To whom, if anyone, did Chattmon distribute such material, and by what means was that transmission completed?

- To the extent it is known to Chattmon, what did the recipient do with the material transferred, if any, by Chattmon?

- Currently, where is the material copied, taken, or transferred by

---

[5]  For example, the declarations of Erik Thompson support, at this point, that Chattmon connected external storage devices to her Manpower Inc.-issued laptop on January 4, 2012, and January 5, 2012.  (See First Thompson Decl. ¶ 10, Dkt. No. 6, Doc. No. 6-2; Third Thompson Decl. ¶¶ 17, Dkt. No. 20, Doc. No. 20-1.)

[6]  Erik Thompson's first declaration supports that Chattmon sent emails from her Manpower Inc.-issued email address to a personal email address on December 20, 2011, and December 31, 2011, although it is not clear what material Chattmon actually transmitted.  (See First Thompson Decl. ¶ 9.)

1    Chattmon?

2         4.      The parties shall meet and confer regarding the scheduling of Chattmon's

3    deposition.  If the parties cannot agree on a date for the deposition after reasonable attempts to

4    meet and confer in good faith, they may contact the undersigned's Courtroom Deputy, Matt

5    Caspar, at (916) 930-4187, to schedule an informal, off-the-record, telephone conference to

6    resolve the scheduling of the deposition.  Because such a phone conference would not be

7    recorded, all parties must agree to the use of such informal process.

8         5.      If a reasonable dispute arises during Chattmon's deposition and remains

9    unresolved after the parties' efforts to meet and confer in good faith to resolve the dispute

10   without court intervention, the parties may jointly contact the undersigned by telephone in an

11   effort to promptly resolve the dispute.  The parties shall contact Mr. Caspar to coordinate a call

12   with the undersigned aimed at resolving such disputes via an unrecorded telephone conference.

13        6.      On or before June 1, 2012, Chattmon shall provide plaintiff with access to

14   all computers, electronic storage devices, and email accounts used by her during her employment

15   with Manpower Inc. and/or during her employment with SlingShot Connections LLC, including

16   Chattmon's personal email account.  Such access includes access for the purpose of imaging, i.e.,

17   making a copy of, such emails or data contained in the subject computers or electronic storage

18   devices.[7]  However, such access and production shall be subject to a stipulated protective order

19   presently being drafted by the parties, which will include provisions regarding the designation of

20   certain materials as "attorneys' eyes only" to protect, among other items or persons to be

21   discussed by the parties, Chattmon's personal information (e.g., personal financial information,

22   love letters, pictures of children, etc.), or personal communications from current Manpower Inc.

23   Employees unrelated to the claims giving rise to the pending motion for a preliminary injunction.

24   _____

25        [7] As discussed at the hearing, the parties may employ the services of an independent, third-
     party technician to complete the imaging and production, if all parties agree to such usage.  If
26   defendants would prefer to use an independent, third party technician, they may do so at their cost.

4

1    7.    On or before June 1, 2012, defendant Thereza Chattmon shall provide

2  plaintiff with the password or passwords to the BlackBerry device(s) issued to her by Manpower

3  Inc.  At the hearing, Chattmon's counsel represented that Chattmon does not recall the subject

4  password or passwords.  If at anytime during the course of this litigation Chattmon recalls the

5  subject password or passwords, she shall promptly provide plaintiff with the same.

6    IT IS SO ORDERED.

7  DATED:  May 22, 2012

8

9    _____

10  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26