UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | | |
|---|---|---|
| MANPOWER INC., | ) | CASE NO. 2:12-cv-01069-JAM-KJN |
| | ) | |
| Plaintiff, | ) | [~~PROPOSED~~] PROTECTIVE ORDER |
| | ) | |
| vs. | ) | Filed concurrently with: |
| | ) | 1. Notice of Motion and Motion for |
| SLINGSHOT CONNECTIONS LLC, | ) | Protective Order |
| | ) | |
| JANIS SONNEMAN AND THEREZA | ) | |
| CHATTMON, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

Upon consideration of the parties' Stipulation For Protective Order and for good cause shown, the court HEREBY APPROVES the parties' Stipulation For Protective Order, except as modified below and denoted by strikethrough marks and bolded text.  Accordingly, IT IS HEREBY ORDERED that:

1.    The provisions of this Protective Order (the "Order") shall apply to: (i) the parties in this action; (ii) any other person producing or disclosing material in this action who designates material as protected; and (iii) any other person who agrees to be bound by the terms of this Order.  As used herein, "person" includes the named parties to the above-captioned case and others who have agreed to be bound by this Order

2.    The preparation and trial of this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the parties to this action or

1

others to be personal, private, trade secrets, confidential and/or proprietary material for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.

3.    This Order shall govern the use and disclosure of all confidential, proprietary or trade secret information ("Confidential Litigation Material") produced by or on behalf of any party or furnished by any person associated with any party on or after the date of this Order in any pleading, deposition, interrogatory, request for admission, document production, or any other disclosure or discovery proceeding in this action until further order of this Court.  Any Confidential Litigation Material, as defined in Section 6 below, produced in discovery shall only be used for the purposes of this action (including any appeals or retrials) and only as provided in this Order.

4.    In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and serve the ends of justice, a protective order for such information is necessary.  As the parties may not agree on the scope of documents to be protected or the level of protection to be given to any particular document and may require intervention of the Court to resolve disputes, a court order rather than a private agreement is necessary.

5.    This Order does not confer blanket protections on all disclosure or responses to discovery and the protection it afford extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential, trade secret or proprietary.

6.    "Confidential Litigation Material" herein shall be defined as follows: (A) any information or documents related to the business or finances of any party or non-party, and/or (B) any documents furnished by the producing person or information elicited from that person in discovery at depositions, by interrogatories, or otherwise, which such person, in good faith, believes would, if made public, adversely affect the privacy or business interests of the producing person (or its employees) or any other person or business entity, whether or not a trade secret, and which the producing person believes in good faith would jeopardize its or another's properly-protectable interest absent the protection provided.  Each of these categories of

1    documents requires protection from disclosure because the business, proprietary or

2    personal/privacy interests of a party or parties, or the interests of a non-party or non-parties,

3    would potentially be severely and irreparably damaged by the release of such information.

4        7.    Any documents or materials designated as either "CONFIDENTIAL" or

5    "ATTORNEYS' EYES ONLY" as provided below, shall be held in confidence by each person to

6    whom it is disclosed according to the procedures set forth in this Order; shall be used only for

7    purposes of preparation, trial, and appeal of this action; shall not be used for any business,

8    commercial, or personal purpose; and shall not be disclosed to any person who is not authorized

9    to receive such information as provided herein.  All documents or materials so marked shall be

10   carefully maintained in secure facilities and access to such information, document, material,

11   item, or thing shall be permitted only to persons properly having access thereto under the terms

12   of this Order.

13       8.    During the course of discovery in this case, the parties and other persons have

14   produced or will produce records, information, and data which the producing person may deem

15   to be Confidential Litigation Material as defined herein.  The producing person may designate

16   that Confidential Litigation Material as "CONFIDENTIAL" and subject it to the provisions of

17   paragraphs 5 and 6 by stamping or designating the first page of the document as

18   "CONFIDENTIAL," either at the time of production or at some later date in advance of trial.

19   The stamping of the first page will suffice to designate the entire document "CONFIDENTIAL."

20       9.    Absent the prior written consent of the producing person or the testifying witness,

21   there shall be no disclosure of Confidential Litigation Material marked CONFIDENTIAL to

22   anyone other than the following:

23       a.    The parties and the parties' attorneys of record and the attorneys' staff;

24       b.    Independent experts and consultants retained by the parties' attorneys in the

25             preparation and presentation of the case;

26       c.    The author or addressees on the document;

27       d.    The Court;

28       e.    Court reporters;

3

f.      Anyone so authorized by the prior written consent of the producing party, person, or witness designating the Confidential Litigation Material as CONFIDENTIAL.

10.     Before any person**, other than the Court,** is given access to CONFIDENTIAL information, that person must first execute a Confidentiality Agreement, the form of which is attached hereto.  A copy of the Confidentiality Agreement shall be provided to the producing person.

11.     Confidential Litigation Material also designated "ATTORNEYS' EYES ONLY," as described in paragraph 18, is subject to all conditions applicable to CONFIDENTIAL information, plus additional and more restrictive disclosure conditions as set forth in paragraphs 19 through 23.

12.     All pleadings or other court filings which incorporate or disclose Confidential Litigation Material, including information designated ATTORNEYS' EYES ONLY, shall be labeled "DOCUMENTS SUBJECT TO PROTECTIVE ORDER" and filed under seal in accordance with the Court's rules and shall remain under seal until the Court orders otherwise.

13.     All pleadings and other filings in connection with discovery motions or proceedings which incorporate or disclose the substance of Confidential Litigation Material shall be preceded by an appropriate motion or application that requests the entry of an order sealing the Confidential Litigation Material.

14.     No party will file any pleadings or filings in the Court which incorporate or disclose the substance of Confidential Litigation Material under seal unless that Party can conform to the substantive standards set forth by the Ninth Circuit for filing documents under seal as found in *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) and *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  The Parties will comply with the procedural requirements of E.D. Cal. L.R. 141 and 141.1 regarding the sealing of documents. The Party or person filing any pleadings or filings in the Court which incorporate or disclose the substance of Confidential Litigation Material shall comply in good faith with the procedures for filing under seal in order to obtain Court approval for such filing.

15.     Should a sealing order be issued, the filed documents shall remain under seal until

4

1  such time as the Court orders otherwise.  If a sealing order is not issued, the Parties agree to

2  abide by this Order, and will not contend that those records are no longer governed by this Order.

3       16.     Any disclosure of Confidential Litigation Material, including information

4  designated ATTORNEYS' EYES ONLY, in any court proceeding herein (other than when

5  proffered as evidence at trial and/or other public hearing) shall be made in camera unless the

6  Court orders otherwise, or the parties mutually agree otherwise.  Thus, working copies of

7  documents or pleadings placed under seal shall be provided to the Court in chambers for the

8  Court's use. With respect to the treatment and protection of Confidential Litigation Material,

9  offered as evidence at trial and/or other public hearing, including information designated

10  ATTORNEYS' EYES ONLY, the Court will determine the manner of handling such evidence.

11       17.     Notwithstanding any of the foregoing provisions, this Order has no effect upon,

12  and its scope shall not extend to, any party's use of its own Confidential Litigation Material,

13  including information designated as ATTORNEYS' EYES ONLY.

14       18.     Any person may add the designation "ATTORNEYS' EYES ONLY" to any

15  Confidential Litigation Material when that person believes in good faith that such Confidential

16  Litigation Material contains sensitive business, proprietary, commercial, private, or personal

17  information such that the disclosure of such Confidential Litigation Material will be, or has the

18  potential of being prejudicial or embarrassing to the producing person or its business or to

19  another person or business entity or because the information would be a violation of the privacy

20  interests of the producing person or a third party.  In addition, Defendants Sonneman and

21  Chattmon may designate as "ATTORNEYS' EYES ONLY" personal communications between

22  themselves and current or prior Manpower employees unrelated to the claims or defenses

23  asserted in this litigation.  The Parties agree that they will not designate as "ATTORNEY'S

24  EYES ONLY" documents that are the property of the other party.  In particular, to the extent

25  Manpower has in its possession documents that are the property of, SlingShot or any of the

26  Defendants in this matter, Manpower will not designate such as documents as "ATTORNEY'S

27  EYES ONLY."  Likewise, if Defendants have in their possession documents that are the property

28  of Manpower, they will not designate such documents "ATTORNEY'S EYES ONLY."  For

1  purposes of this paragraph, prejudice to the producing person solely in terms of the merits of

2  claims asserted in the above-captioned case shall not be grounds for designating the material

3  ATTORNEYS' EYES ONLY.

4         19.    Other than those persons expressly identified in paragraph 20, Confidential

5  Litigation Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, given,

6  shown, made available or communicated, directly or indirectly, in any way to any person or

7  entity, including the parties to this action.  When information designated as ATTORNEYS'

8  EYES ONLY is about to be disclosed during a deposition, examining counsel shall state that

9  ATTORNEYS' EYES ONLY material is about to be disclosed.  The opposing party or parties,

10  and anyone not described in paragraph 20 will leave the room during the disclosure of such

11  ATTORNEYS' EYES ONLY material.  When depositions containing ATTORNEYS' EYES

12  ONLY material are transcribed, they may be transcribed in two versions:  one containing all

13  testimony, including ATTORNEYS' EYES ONLY material; and one without the ATTORNEYS'

14  EYES ONLY material.

15         20.    Information designated as ATTORNEYS' EYES ONLY shall be disclosed only

16  to:

17         a.    Outside attorneys of record for the parties, and the attorneys' staff;

18         b.    in house counsel for a party, provided that such person is not regularly engaged in

19             the business operations of a party other than rendering legal advice and

20             performing legal services;

21         c.    outside experts or consultants retained by the parties (but only in accordance with

22             the provisions of paragraphs 15 and 16);

23         d.    the Court (including court reporters, stenographic reporters, and court personnel)

24             and jury.

25         21.    Counsel of record for the parties may disclose documents designated as

26  ATTORNEYS' EYES ONLY to an author or recipient of the document or the producing party,

27  for the purpose of preparing the author, recipient, or producing party, to testify at a deposition,

28  hearing, or trial in this action provided that: (1) the attorney does not allow the witness to retain,

1  copy, or transfer any information from the materials; and (2) the witness has signed a

2  Confidentiality Agreement in the form attached to this Order.

3      22.    Before disclosure of any information designated as ATTORNEYS' EYES ONLY

4  to any person referenced in paragraph 20.c., that person shall execute and deliver to the attorney

5  of record making the disclosures a Confidentiality Agreement in the form attached to this Order.

6  Such persons shall not be permitted to retain copies of ATTORNEYS' EYES ONLY information

7  and shall be directed to delete or destroy such information after the consultation with counsel is

8  concluded.

9      23.    Before information designated as ATTORNEYS' EYES ONLY may be disclosed

10 to any person described in paragraph 20.c., counsel of record for the designating party or person

11 will be provided with written notice, together with a current resume for such expert or consultant,

12 at least ten (10) days before disclosure of information designated as ATTORNEYS' EYES

13 ONLY to any such expert or consultant.  Should counsel of record for the designating person

14 disagree with the disclosure of ATTORNEYS' EYES ONLY material to such experts or

15 consultants designated in such a notice, the designating person may serve and file a motion

16 within ten (10) days of receipt of the written notice.  No disclosure shall take place until such

17 motion is decided or by leave of Court.  No expert or consultant, testifying or non-testifying, may

18 disclose or communicate any ATTORNEYS' EYES ONLY material to a party.  Additionally,

19 nothing in this Order will waive or impact the protection afforded and privileges that attach to

20 communications and disclosures made with and to an expert or consultant retained in anticipation

21 of litigation or preparation for trial and who is not expected to testify at trial.  Disclosure of

22 ATTORNEYS' EYES ONLY materials to an expert or consultant shall not affect the

23 admissibility of expert opinion or testimony at trial.

24     24.    Any documents created by a party, counsel for a party, or any consultant engaged

25 by a party that disclose information designated herein as CONFIDENTIAL or ATTORNEYS'

26 EYES ONLY, including but not limited to any memoranda, summaries, analyses, compilations,

27 reports or demonstrative exhibits, shall be treated as CONFIDENTIAL or ATTORNEYS' EYES

28 ONLY, labeled as such, and subject to the same restrictions as other information so designated

1   herein.

2       25.     With respect to testimony given at a deposition in this action, the testifying

3   witness or any attorney participating in the deposition may designate portions of that testimony as

4   CONFIDENTIAL or ATTORNEYS' EYES ONLY and subject those portions to the provisions

5   of this Order by notifying all counsel, no later than twenty-one (21) business days after receipt of

6   the transcript of the deposition of the pages and lines of the transcript that reflect the

7   CONFIDENTIAL or ATTORNEYS' EYES ONLY testimony.  Until twenty-one (21) business

8   days after receipt of the transcript of the deposition, all parties shall treat the testimony as

9   ATTORNEYS' EYES ONLY and subject to the provisions of this Order; thereafter, the transcript

10  shall be treated in the manner required by the designation made.  The testifying witness and any

11  attorney participating in the deposition shall also have the option of designating portions of the

12  deposition CONFIDENTIAL or ATTORNEYS' EYES ONLY during the deposition itself, by so

13  indicating on the record.

14      26.     If a person deems or designates any document or information to be

15  CONFIDENTIAL or ATTORNEYS' EYES ONLY, and a party disagrees with such designation,

16  either party may seek a judicial determination of the appropriateness of said designation after

17  making reasonable efforts to resolve any dispute.

18      27.     Any party or person for good cause may apply to the Court, by motion, for

19  modification of or relief from the terms of this Order.  However, the terms of this Order shall be

20  strictly complied with until and unless the Court orders otherwise.

21      28.     ~~The designation or non-designation of information as CONFIDENTIAL or~~

22  ~~ATTORNEYS' EYES ONLY pursuant to this Order shall not be considered by the Court or jury~~

23  ~~as probative of any fact at issue in the action, and the Court will so instruct the jury in a limiting~~

24  ~~instruction.  The reasons for designation or non-designation shall not be the basis of any~~

25  ~~examination or argument by counsel; provided, however, counsel may examine witnesses in~~

26  ~~deposition to test the basis of designation and lay a foundation for a judicial determination under~~

27  ~~paragraph 26 or 27 hereof.  Documents designated as CONFIDENTIAL or ATTORNEYS' EYES~~

28  ~~ONLY may not be shown to a jury if unmarked copies are made available by the producing party.~~

8

29.     Any person to whom disclosure of Confidential Litigation Material is made shall be provided and required to read a copy of this Order before disclosure of such information to that person.  The person must agree to abide by the terms of this Order.  Counsel for each party shall maintain a list of the names of all persons to whom it has disclosed Confidential Litigation Material, including Confidential Litigation Material designated as ATTORNEYS' EYES ONLY.

30.     This Order, insofar as it restricts the communication and use of Confidential Litigation Material, including Confidential Litigation Material designated ATTORNEYS' EYES ONLY, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals.  Within thirty (30) days of the conclusion of this litigation (including appeals), every party and person subject to the terms of this Order shall, upon request of the producing party, collect and return to the producing party or person all Confidential Litigation Material obtained from the producing party or person, and all copies of such Confidential Litigation Material.  Attorneys for the parties will certify in writing that all "working copies" (for example, those copies bearing marginal comment or highlighting) were destroyed by that attorney.  Notwithstanding the foregoing, counsel for the parties need not return any Confidential Litigation Material that became a part of the Court's record in this action (by use as a trial exhibit, inclusion in a court filing, inclusion in the record on any appeal, or otherwise).

31.     If a Notice of Appeal is filed in this case, each party shall promptly designate which of the briefs or papers containing Confidential Litigation Material previously submitted to the Court are necessary for inclusion in the record to be considered on appeal, and copies of all such briefs or papers shall be filed under seal with the Clerk of Courts.  The Clerk of Courts shall, subject to further order of the Court, maintain any such items under seal and submit them under seal to the Clerk of the Court of Appeals as part of the record of this case.

32.     Notwithstanding anything to the contrary contained in this Order, the obligations of secrecy, confidentiality, nondisclosure, and nonuse on the part of either party shall not apply to information which:

a.     is already in the unrestricted and rightful possession of the non-designating party or in the public domain at the time of receipt;

1     b.      becomes pubic knowledge after receipt through no fault of the non-designating

2             party, the non-designating party's counsel, or any expert or consultant retained by

3             the non-designating party; or

4     c.      is transmitted to the non-designating party by a third party having no obligation to

5             the designating party.

6  Notwithstanding the foregoing, no attorney who receives material designated as ATTORNEYS'

7  EYES ONLY may reveal those designated materials to clients or third persons based upon this

8  paragraph without a Court order.  This paragraph applies only to materials obtained from other

9  sources.

10     33.     This Order shall apply to copies, extracts, and summaries of documents or

11  deposition testimony designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and shall

12  apply to portions of memoranda filed with the Court that relate to any such copies, extracts,

13  summaries, documents, or deposition testimony.  Should the production or release of any

14  Confidential Litigation Material filed with the Court in this action **under seal after the grant of**

15  **an appropriate motion to seal** be sought by motion in any other case, the Court, or any party to

16  this Order with knowledge of said motion, shall notify the parties to this action of such motion.

17     34.     Notwithstanding anything herein to the contrary, the use of information acquired

18  independently from discovery in this litigation by proper means and not in a manner prohibited

19  by the Uniform Trade Secrets Act shall not be restricted by the terms of this Order.

20     35.     In the event of a disclosure of Confidential Litigation Information to a person not

21  authorized to have had such disclosure made to him or her under the provisions of this Order, the

22  party responsible for having made such disclosure shall immediately procure the return of the

23  material, and inform counsel for the designating party whose Confidential Litigation Information

24  has thus been disclosed of all relevant information concerning the nature and circumstances of

25  such disclosure.  The responsible party shall also take all reasonable measures promptly to ensure

26  that no further or greater unauthorized disclosure of the Confidential Litigation Information

27  occurs.

28     36.     The inadvertent production of any confidential, privileged, or attorney work

10

1  product documents or information shall be without prejudice to any claims that the document or

2  information is confidential or privileged, and shall constitute neither a waiver of any claim or

3  privilege that may otherwise attach thereto nor a general waiver of such claim or privilege.  Upon

4  demand of the producing party, all copies of any inadvertently produced document shall be

5  returned forthwith, and such documents shall not be introduced into evidence, or subject to

6  production, in this or any other proceeding without the consent of the producing party.

7       37.    The terms of the Order shall survive and remain in full force and effect after the

8  termination of this lawsuit, **except that once the Clerk of Court has closed this action, the**

9  **Court will not, unless otherwise ordered, retain jurisdiction over enforcement of the terms**

10  **of this Order.  See Local Rule 141.1(f).**

11       38.    The Parties agree that they are not entitled to documents, files, and

12  communications that are protected by the attorney-client privilege and work product privileges.

13  As such, to the extent such documents, files and/or communications are inadvertently produced

14  in this litigation, the attorneys of the non-producing party will immediately return such

15  documents/files and communications to the producing party, will not communicate the contents

16  thereof to anyone else including their own clients and will delete all documents/files containing

17  such information and communications.

18       39.    A forensic consultant retained by either party pursuant to any court order,

19  including but not limited to a forensic or e-discovery consultant retained pursuant to the court's

20  Order of May 22, 2012, to copy, produce, analyze or review the contents of the computers or

21  email accounts or electronic storage devices of any of the Defendants in this matter will treat all

22  such information as "ATTORNEYS EYES ONLY" information and will agree not to disclose

23  any information secured from any such computer, electronic storage device or emails to any

24  person not identified in Paragraph 20 of this Protective Order.

25       40.    This Order shall not prevent any of the parties from moving this Court for an

26  Order that the Confidential Material and/or Attorneys' Eyes Only Material may be disclosed other

27  than in accordance with this Order.  This Order is without prejudice to the right of any party to

28  seek modification of it from the Court.  This Order shall remain in effect until such time as it is

modified, amended, or rescinded by the Court. ~~The Court shall have continuing jurisdiction to~~
~~modify, amend, or rescind this Order notwithstanding the termination of this action.~~

41.     Nothing in this Order shall be construed to expand the scope of discovery as set
forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: June 11, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

## CONFIDENTIALITY AGREEMENT

      The undersigned does solemnly swear that he/she is fully familiar with the terms of the Stipulated Protective Order entered in the civil action entitled Manpower, Inc. v. SlingShot Connections, LLC, et al., United States District Court, Eastern District of California Case No. 12-01069 JAM KJN, and hereby agrees to comply with and be bound by terms and conditions of said Order unless and until modified by further order of the Court.  The undersigned hereby consents to the jurisdiction of the United States District Court, Eastern District of California, for purposes of enforcing said Order.

      EXECUTED on _____ at _____.

      I declare under penalty of perjury under the laws of the State of California and those of the United States of America that the foregoing is true and correct.

_____          _____

          Print Name                                                          Signature

\39802751.1

13