IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANPOWER INC.,

      Plaintiff,

v.

SLINGSHOT CONNECTIONS LLC; JANIS SONNEMAN; THEREZA CHATTMON; and MARITESS PINEDA SAGON,

      Defendants.

AND RELATED COUNTERCLAIM
_____/

No. 2:12-cv-01069 JAM KJN

ORDER

Presently before the court is plaintiff's second ex parte application seeking leave of court to conduct expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1), which concerns discovery pertaining to a recently named defendant, Maritess Pineda Sagon (Dkt. No. 54).[1] Plaintiff filed a related request to seal documents (Dkt. No. 57), and the court granted plaintiff's request to seal by separate order. Sagon, who was named as a defendant on August 1, 2012, and has not yet filed an answer or other response to plaintiff's First Amended Complaint,

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

appeared in this case to oppose plaintiff's ex parte application (Dkt. No. 60).[2] For the reasons that follow, the undersigned denies plaintiff's application.

This case generally concerns plaintiff's allegations that the individual defendants in this case left plaintiff's employment in order to start a competing business, Slingshot Connections LLC ("Slingshot"), and that the individual defendants misappropriated plaintiff's confidential and proprietary business information on or around the date they left plaintiff's employment. On April 26, 2012, plaintiff filed an ex parte application to conduct expedited discovery on defendants Slingshot, Sonneman, and Chattmon. After ordering a response to the application and conducting a hearing, the undersigned partially granted plaintiff's ex parte application. (Order, May 23, 2012, Dkt. No. 29.) The court granted plaintiff's first ex parte application largely on the grounds that plaintiff needed to conduct some early discovery prior to the parties' Rule 26(f) discovery conference because a hearing on plaintiff's motion for a preliminary injunction was set to be heard by the district judge on July 11, 2012.[3] The hearing on plaintiff's motion for a preliminary injunction has since been continued to September 5, 2012, on the basis of *plaintiff's* ex parte request to continue the hearing and over defendants' opposition to the continuance (see Dkt. Nos. 42, 45, 48, 55). Plaintiff did not seek a temporary restraining order to prevent what it alleges is the ongoing, unlawful use of its confidential and proprietary business information.

On August 1, 2012, plaintiff filed a First Amended Complaint pursuant to a court-approved stipulation of the parties. The First Amended Complaint names Sagon as a defendant for the first time, and Sagon has not yet filed an answer or other response to the First Amended Complaint. Sagon is represented by the same counsel as the other defendants.

---

[2] Sagon filed two seemingly identical opposition briefs on the same date (Dkt. Nos. 58, 60). The undersigned has considered Sagon's later-filed opposition brief.

[3] It strikes the undersigned as odd that plaintiff has never sought a temporary restraining order in this case given plaintiff's urgent tone in its ex parte applications.

On August 8, 2012, plaintiff filed its pending, ex parte application to conduct expedited discovery as to Sagon. Plaintiff filed its ex parte application for expedited discovery despite the fact that the parties have already conducted a Rule 26(f) discovery conference, the parties are free to conduct discovery, and plaintiff has served six sets of discovery requests on defendants which appear to include the Rule 34 request for inspection at issue.[4] (See Report of Rule 26(f) Status Conference at 1, Dkt. No. 38; see also Shah Decl. ¶ 12; Pl.'s Ex Parte Application, Ex. C.) Plaintiff also rejected, apparently without any counteroffer or effort to meet and confer, defendants' offer to permit an independent consultant, which has already been retained by the parties, to conduct a review of Sagon's email accounts for plaintiff's information. (See Shah Decl. ¶ 11 & Ex. B.)

The undersigned denies plaintiff's ex parte request on two separate grounds. First, plaintiff has not made a showing of good cause for this matter to be heard on an ex parte basis, as opposed to a motion noticed consistent with Local Rule 251. Plaintiff has not shown that its cause would be irreparably harmed were it not permitted to bypass the court's normal discovery motion procedures. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (stating that to show irreparable harm in support of ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"). Plaintiff argues, in part, that its request for relief should be heard on an ex parte basis because defendants, including Sagon, have harmed, and continue to harm, plaintiff by using plaintiff's confidential and proprietary business information to compete with plaintiff. But plaintiff's concern is belied by the fact that plaintiff never sought a temporary restraining order to immediately stop the perceived, ever-mounting harm. Similarly, despite plaintiff's concern about the immediate harm

---

[4] Federal Rule of Civil Procedure 26(d)(1) precludes parties from seeking discovery prior to conducting the Rule 26(f) conference except as otherwise authorized by the Federal Rules of Civil Procedure, a stipulation, or a court order.

3

being done to it by defendants, plaintiff noticed its motion for a preliminary injunction on approximately 75 days notice and later moved to continue that hearing by nearly two more months, over defendants' objection. Thus, plaintiff does not appear to be nearly as concerned about imminent and irreparable harm as its ex parte application suggests.

In terms of irreparable harm, plaintiff also contends that Sagon and the other defendants might be destroying evidence. However, there is no truly substantiated allegation in that regard, and plaintiff represents that it has served preservation of evidence letters on defendants. Furthermore, Defendants have cooperated to this point in permitting discovery, albeit with the suggestion of limitations, and have materially complied with the court's orders.

Additionally, in terms of the creation of a perceived emergency situation requiring ex parte relief, plaintiff is at least partly to blame. See Mission Power Eng'g Co., 883 F. Supp. at 492 (stating that in seeking ex parte relief, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect"). Plaintiff argues that ex parte relief is warranted because plaintiff needs to conduct discovery in regards to Sagon prior to the September 5, 2012 hearing on its motion for a preliminary injunction. But plaintiff is the party that requested to continue the hearing to September 5th, thus creating the purported need for ex parte relief, and plaintiff has not explained in its ex parte application why it is not without fault in regards to creating a short period within which the requested discovery must be conducted in anticipation of the September 5, 2012 hearing. (See id. at 493 ("To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation."). For the reasons stated above, plaintiff has not persuasively shown of good cause supporting the consideration of plaintiff's application on an ex parte basis.

////

1  　　　　Second, the undersigned denies plaintiff's ex parte application on the grounds that
2  plaintiff failed to show good cause to permit expedited discovery.  Federal Rule of Civil
3  Procedure 26(d)(1) provides: "A party may not seek discovery from any source before the parties
4  have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure
5  under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."
6  District courts within the Ninth Circuit have permitted expedited discovery prior to the
7  Rule 26(f) conference upon a showing of "good cause."  See, e.g., In re Countrywide Fin. Corp.
8  Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo
9  Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673
10 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).  "Good cause exists where the need for expedited
11 discovery, in consideration of the administration of justice, outweighs the prejudice to the
12 responding party."  In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1179
13 (citation and internal quotation marks omitted).
14 　　　　Plaintiff's ex parte application fails because discovery has actually commenced in
15 this case and, therefore, plaintiff does not actually seek "expedited" discovery within the meaning
16 of Rule 26(d)(1).  Rule 26(d)(1) authorizes a party to request leave to conduct expedited
17 discovery *prior* to the parties' Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1) ("A party may not
18 seek discovery from any source before the parties have conferred as required by Rule 26(f),
19 except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when
20 authorized by these rules, by stipulation, or by court order.").  Here, however, the parties have
21 already conducted their Rule 26(f) conference, discovery is now open, and plaintiff has served
22 six sets of discovery on defendants.  (See Report of Rule 26(f) Status Conference at 1; see also
23 Shah Decl. ¶ 12.)  In short, Rule 26(d)(1) does not apply here because plaintiff's ex parte
24 application does not seek expedited discovery prior to the parties' Rule 26(f) conference, and,
25 accordingly, plaintiff's ex parte application is denied.
26 ////

Rather than an application for leave to conduct expedited discovery, plaintiff essentially filed an ex parte motion to compel compliance with its Rule 34 request for inspection, with an accompanying, procedurally deficient request that the motion to compel be heard on shortened time. Insofar as plaintiff's application is correctly construed as a motion to compel, the undersigned finds that plaintiff failed to adequately met and conferred with defendants.[5] The record before the court reflects that defendants offered a compromise to resolve the parties' discovery dispute, and plaintiff responded to that offer simply by filing its ex parte application less than two hours after receiving defendants' offer, tacitly rejecting defendants' offer without explanation.[6] (See Shah Decl. ¶¶ 10-11 & Ex. B.) The record evidences a lack of effort on plaintiff's part to meet and confer in good faith prior to filing its motion, and plaintiff's application is denied for this additional reason.

For the foregoing reasons, plaintiff's ex parte application to conduct expedited discovery (Dkt. No. 54) is denied.

IT IS SO ORDERED.

DATED: August 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5] In relevant part, Local Rule 251(b) imposes a requirement that parties meet and confer in good faith prior to the filing of a discovery motion: "Except as hereinafter set forth, a motion made pursuant to Fed. R. Civ. P. 26 through 37, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement. *Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion*" (emphasis added).

[6] Plaintiff's ex parte application does not describe any efforts to meet and confer. However, an email submitted by defendants reflects that defendants offered a compromise solution to plaintiff's counsel via email on August 8, 2012, at 1:58 p.m. (Shah Decl., Ex. B.) Plaintiff filed its ex parte application on August 8, 2012, at 3:12 p.m. The court acknowledges that defendants' counsel's email concluded by advising plaintiff that if plaintiff was unwilling to agree to the proposed limited inspection, plaintiff could proceed with its motion. (Shah Decl., Ex. B.) However, that statement alone does not absolve plaintiff of its obligation to make at least *some* effort to meet and confer in good faith.