UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| MANPOWER INC., <br><br> Plaintiff, <br><br> v. <br><br> SlingShot Connections LLC, Janis Sonneman, Thereza Chattmon, and Maritess Pineda Sagon, <br><br> Defendants | CASE NO. 2:12-cv-01069-JAM-KJN <br><br> **ORDER GRANTING COUNTER-DEFENDANT MANPOWER INC.'S MOTION TO DISMISS COUNTERCLAIMS** |

43433810.2

1

**[PROPOSED] ORDER**

On November 7, 2012 at 9:30 a.m., Counter-Defendant Manpower Inc.'s ("Manpower") Motion to Dismiss Counterclaims (the "Motion") of Counter-Claimant Janis Sonneman ("Sonneman") came on regularly before the Court for hearing. Sabrina A. Beldner of McGuireWoods LLP appeared on behalf of Manpower. Stephen D. Pahl of Pahl & McCay appeared on behalf of Sonneman.

The Court, having considered the papers in support of and in opposition to the Motion, and having heard the arguments of counsel, and good cause appearing therefore, hereby grants the Motion in part and denies it in part as follows:

1.  Sonneman's First Claim for Relief is partially dismissed without leave to amend to the extent it purports to plead a claim for harassment.

2.  Sonneman's Second Claim for Relief is dismissed with leave to include a claim for constructive discharge in the First Claim for Relief.

3.  Sonneman's Third Claim for Relief is dismissed without prejudice because it is not ripe and there is no justiciable case or controversy, insofar as Manpower is not presently seeking and has not sought to enforce the non-competition provisions of Sonneman's Employment Agreement. Furthermore, the Court finds that it cannot declare the entire Employment Agreement to be void due to the non-competition provisions, because those non-competition provisions are severable by virtue of Cal. Civ. Code § 1599 and the express terms of the Employment Agreement. Sonneman may re-plead this Claim for Relief in the event that facts obtained through discovery establish the basis for the claim.

4.  Sonneman's Fourth Claim for Relief is dismissed without prejudice. Sonneman may re-plead this Claim for Relief in the event that facts obtained through discovery establish the basis for the claim.

5.  Sonneman's Fifth Claim for Relief is dismissed with leave to amend and include additional facts to support a claim for alleged breach of the implied covenant of good faith and fair dealing.

Sonneman shall have twenty (20) days from the date the Court enters this Order to file a First-Amended Counterclaim.

Manpower shall file its responsive pleading to Sonneman's First-Amended Counterclaim within twenty (20) days from the date the First-Amended Counterclaim is filed with the Court.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: November 13, 2012           /s/ John A. Mendez
                                   HON. JOHN A. MENDEZ
                                   UNITED STATES DISTRICT COURT JUDGE

43433810.2                                    3